IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTIN E. SCHURAWLOW, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 20-3493 |
| | : | |
| v. | : | |
| | : | |
| KYLE RUSSELL – Warden; AMANDA BENNER – PrimeCare HSA; and DR. DEBORAH WILSON – PrimeCare Physician, | : : : : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

Smith, J.                                                                                                                    August 12, 2020

The *pro se* plaintiff, a prisoner incarcerated in a county jail, has sought leave to proceed *in forma pauperis* in this civil rights action against the warden of the county jail, a health services administrator, and a doctor. The plaintiff claims that these defendants have been deliberately indifferent to his serious medical needs by, *inter alia*, not allowing him to have an operation despite his medical insurance approving a medical device implant surgery in September 2019. For the following reasons, the court will grant the plaintiff leave to proceed *in forma pauperis* and dismiss the complaint, with the exception of the claims against the health services administrator and the doctor.

I.     **ALLEGATIONS AND PROCEDURAL HISTORY**

The *pro se* plaintiff, Justin E. Schurawlow ("Schurawlow"), commenced this action by filing an application for leave to proceed *in forma pauperis* ("IFP Application") and a proposed complaint that the clerk of court docketed on July 15, 2020. *See* Doc. Nos. 1, 2. In the complaint, Schurawlow names as defendants Kyle Russell ("Russell"), the warden of Lehigh County Jail,

Amanda Benner ("Benner"), a PrimeCare health services administrator (or HSA), and Dr. Deborah Wilson, a PrimeCare physician. *See* Compl. at ECF p. 2, Doc. No. 2.

Schurawlow avers that "[b]oth PrimeCare (Amanda Benner and Dr. Wilson) and Lehigh County Jail (Kyle Russell) have demonstrated a custom (policy) of deliberate indifference toward [his] serious ongoing medical needs." *Id.* at ECF p. 5. More specifically, Schurawlow alleges that a "SSCS (sub-dermal spinal cord stimulator) device surgery was approved by Gateway ([M]edicaid) insurance on or about September 28, 2019 prior to [his] incarceration [at Lehigh County Jail]." *Id.* This "medical device implant surgery has been deemed medically necessary" by his private physician because his prior "L5/S1 surgery was deemed failed (coupled with [9] nine degenerated spinal discs and spinal cord compression resulting in an excessive amount of constant pain)." *Id.* (alteration in original).

Schurawlow alleges that Benner and Dr. Wilson "continue to deliberately ignore [his] substantial medical history (records) that contain and confirm ongoing attempted treatments including: medications, topical treatments, physical therapy, diagnostic imaging, spinal injections (Epidural Steroid Injections), L5/S1 SURGERY (L5/S1 Partial hemalamanectomy [sic]), and SSCS (sub-dermal spinal cord stimulator) medical device trial." *Id.* at ECF pp. 5–6. He also avers that because he signed a consent form for PrimeCare to access his medical records more than seven months ago, "it can and should be construed that PrimeCare (Amanda Benner and Dr. Wilson) and Lehigh County Jail (Kyle Russell) are intentionally acting in a manner deliberately indifferent to serious medical needs" thereby causing him "a wanton infliction of ongoing pain, suffering, and punishment . . . that otherwise would be mitigated by the implanted SSCS device that PrimeCare (Amanda Benner and Dr. Wilson) and Lehigh County Jail (Kyle Russell) are with[h]olding." *Id.*

2

at ECF p. 6. He also complains that he is not permitted to exercise and is not receiving pain management, causing him "severe chronic pain." *Id.*

Schurawlow submitted a grievance (#20-0125) based on the denial of medical care on April 17, 2020, which was denied. *Id.* at ECF pp. 4, 7, 14. Schurawlow appealed from this denial, and Russell denied the appeal. *Id.* at ECF p. 15. In denying the appeal, Russell noted that he "reviewed your appeal statement and the original grievance information you provided. You are refusing to take all topical pain relievers and prescribed medication for mental health conditions that has [sic] an alternative use with pain management. You have been counseled to take your medication." *Id.*

According to attachments to the complaint, Schurawlow also appears to have sent requests to "Internal Affairs-DOC" regarding PrimeCare's "deliberate indifference to serious medical needs" on April 27, 2020, *id.* at ECF p. 18, and a sick call request to PrimeCare on May 7, 2020, regarding worsened pain, *id.* at ECF p. 19, but both allegedly yielded no response as of May 31, 2020, *id.* at ECF pp. 7, 18–19. In addition, Schurawlow attaches a sick call request dated May 28, 2020, which indicates that he had previously spoken to Dr. Wilson "months ago about the SSCS device surgery LVPG pain management had scheduled," questioning why this surgery had been withheld. *Id.* at ECF p. 12. Schurawlow notes that he had not received any responses as of July 3, 2020. *Id.*

Schurawlow seeks compensatory, punitive, and nominal damages "due to ongoing pain, suffering [and] punishment inflicted" as well as independent, county-funded care by LVPG Pain Management, which would include the sub-dermal spinal cord stimulator surgery and device management. *Id.* at ECF pp. 5–6. Schurawlow also seeks a "minimum of 5 to 6 hours daily for recreation and exercise." *Id.* at ECF p. 6.

## II.     DISCUSSION

### A.     <u>The IFP Application</u>

Regarding applications to proceed *in forma pauperis*,

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. *Deutsch*[ *v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)]. Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in [sic] *forma pauperis* by filing in good faith an affidavit stating, among other things, that he is unable to pay the costs of the lawsuit. *Neitzke,* 490 U.S. at 324, 109 S.Ct. 1827.

*Douris v. Middletown Twp.*, 293 F. App'x 130, 131–32 (3d Cir. 2008) (per curiam) (footnote omitted).

The litigant seeking to proceed *in forma pauperis* must establish that the litigant is unable to pay the costs of suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) ("Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit."). "In this Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. [The court must] review the affiant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis*." *Deutsch*, 67 F.3d at 1084 n.5 (internal citations omitted).

Here, after reviewing the IFP Application, it appears that Schurawlow is unable to pay the costs of suit. Therefore, the court will grant him leave to proceed *in forma pauperis*.[1]

### B.   Standard of Review

Because the court has granted Schurawlow leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action or appeal—**(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief"). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke*, 490 U.S. at 325, and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch*, 67 F.3d at 1085. As for whether a complaint is malicious,

> [a] court that considers whether an action is malicious must, in accordance with the definition of the term "malicious," engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant.

*Id.* at 1086. "[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Concerning the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard

---

[1] Because Schurawlow is a prisoner, he is obliged to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

5

used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted). In addressing whether a *pro se* plaintiff's complaint fails to state a claim, the court must liberally construe the allegations set forth in the complaint. *See Higgs v. Attorney Gen.*, 655 F.3d 333, 339–40 (3d Cir. 2011) (explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)).

### C.  Analysis

#### 1.  Deliberate Indifference Claims Against Benner and Dr. Wilson

As indicated above, Schurawlow seeks to bring claims for violations of his civil rights pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. Section 1983 provides in pertinent part as follows:

> Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983 (emphasis added). When attempting to establish a claim under section 1983, a plaintiff must allege and prove that a "person" deprived the plaintiff of a constitutional right while acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 49 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the

6

United States, and must show that the alleged deprivation was committed by a person acting under color of state law.").

Here, Schurawlow is asserting an Eighth Amendment claim based on the failure to provide medical treatment against Benner and Dr. Wilson.[2] "The Eighth Amendment, through its prohibition on cruel and unusual punishment, prohibits the imposition of 'unnecessary and wanton infliction of pain contrary to contemporary standards of decency.'" *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (quoting *Helling v. McKinney*, 509 U.S. 25, 32 (1993)). To state a claim for deliberate indifference to serious medical needs, a plaintiff must allege facts, which if true, could "make (1) a subjective showing that the defendants were deliberately indifferent to [his or her] medical needs and (2) an objective showing that those needs were serious." *Id.* (alteration in original) (citation and quotation marks omitted).

"A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotation marks omitted). The Third Circuit has found deliberate indifference "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical

---

[2] It is unclear from the complaint whether Schurawlow was a pretrial detainee or convicted inmate at the time of the events in question. If he was a pretrial detainee, the Fourteenth Amendment governs his claims. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). Nonetheless, the standard under the Eighth Amendment and Fourteenth Amendment for claims related to the alleged deliberate indifference to a prisoner's serious medical needs is essentially the same for purposes of this analysis. *See Goode v. Giorla*, 643 F. App'x 127, 129 (3d Cir. 2016) ("A deliberate indifference claim, under either the Fourteenth or Eighth Amendment, requires acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." (footnote and internal quotation marks omitted)); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (evaluating pretrial detainee's "Fourteenth Amendment claim for inadequate medical care under the standard used to evaluate similar claims brought under the Eighth Amendment"); *see also Moore v. Luffey*, 767 F. App'x 335, 340 & n.2 (3d Cir. 2019) (evaluating deliberate indifference to serious medical needs claim by pretrial detainee under Eighth Amendment standard and declining to address whether new standard applies to these types of claims by pretrial detainees).

7

reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (citation omitted). A serious medical need exists where "failure to treat can be expected to lead to substantial and unnecessary suffering." *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991). Nonetheless, allegations of "negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'" *Rouse*, 182 F.2d at 197. Thus, allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) ("Allegations of malpractice are not sufficient to establish a Constitutional violation." (citations omitted)). Furthermore, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (concluding complaint did not "specifically allege personal involvement by any of the defendants" where plaintiff alleged that defendant knew of his mental health needs because plaintiff sent defendant a copy of documents and defendant did not respond).

Here, Schurawlow alleges that Benner and Dr. Wilson had knowledge of his conditions and either did not provide medical treatment or did not provide the treatment that he claims was required. Taking all inferences as true as the court is obligated to do at this stage of the litigation, Schurawlow has alleged sufficient facts to proceed on his claims against these two defendants.

### 2. Deliberate Indifference Claim Against Russell

Unlike his claims against Benner and Dr. Wilson, Schurawlow's allegations against Russell are insufficient to state a plausible claim for deliberate indifference. The only factual allegations asserted against Russell appear to relate to Schurawlow's dissatisfaction with Russell's denial of

8

his grievance appeal. *See* Compl. at ECF pp. 4, 7, 14–15. The allegations against Russell concerning the medical claim are brief and conclusory and do not provide enough factual development to support a plausible claim that Russell's actions or failures to act amounted to deliberate indifference to Schurawlow's serious medical needs. Moreover, "[i]f a prisoner is under the care of medical experts . . ., a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Spruill*, 372 F.3d at 236; *see also Carter v. Smith*, 483 F. App'x 705, 708 (3d Cir. 2012) (per curiam) ("Prison officials cannot be held to be deliberately indifferent merely because they did not respond to the medical complaints of a prisoner who was already being treated by the prison medical staff."). "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Spruill*, 372 F.3d at 236.

Schurawlow has not alleged sufficient facts that would suggest that Russell had any reason to believe that Schurawlow was not receiving treatment from the prison medical staff for his medical condition. *See Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993) ("Neither of these defendants, however, is a physician, and neither can be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor."). Nor does Schurawlow allege facts suggesting that he presented with such an obvious or immediate need for medical care that the court could infer that Russell acted with deliberate indifference. Accordingly, the court will dismiss Schurawlow's deliberate indifference claim against Russell.

### 3. Claims Based on Grievances

It is possible that Schurawlow is alleging a claim for a constitutional violation based solely on the denial or nonresponse to his grievances. Any such claim based on the handling of prison grievances fails because "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam). Accordingly, any facts alleged by Schurawlow about grievances do not give rise for a plausible basis for a constitutional claim and the court will dismiss them with prejudice.

### III. CONCLUSION

For the foregoing reasons, the court will grant Schurawlow leave to proceed *in forma pauperis*, dismiss his claims against Russell without prejudice, and permit him to proceed on his deliberate indifference claims against Benner and Dr. Wilson at this time. If Schurawlow seeks to amend his deliberate indifference claim against Russell, he may file an amended complaint within 30 days. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (explaining that "*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile"). If he chooses not to file an amended complaint, the court will direct service on Benner and Dr. Wilson.

The court will enter a separate order.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.